■ BETHLEHEM STEEL CORPORATION, Plaintiff, v NANCO CONTRACTING CORP. et al., Defendants, INSURANCE COMPANY OF NORTH AMERICA et al., Respondents, and LESKAY CONSTRUCTION SERVICE, INC., et al., Appellants. [679 NYS2d 13] —Order, Supreme Court, New York County (Edward Lehner, J.), entered December 11, 1997, which, insofar as appealed from as limited by defendants-appellants' brief, granted defendant-respondent indemnitee summary judgment on its cross claim against appellants, unanimously affirmed, without costs.

We agree with the IAS Court that the subject agreement,

which requires appellants to indemnify respondent for "any loss, liability, claim or expense which may be incurred by reason of any action which may hereafter be taken or pursued by any * * * [unsatisfied trade] creditor [of appellants] * * * with regard to or against" the construction project in question, unambiguously applies to the cross claim in this action that was asserted against respondent prior to the execution of the agreement, but which was dormant for several years before and after. To hold otherwise would be to read the words "or pursued" out of the subject agreement, as if the indemnification obligation extended only to "any action which may hereafter be taken" (assuming that "taken" is a synonym for "commenced"), and not also to any action "hereafter * * * pursued" without regard to when such action was commenced or first "taken". One party had to bear the risk that the cross claim against respondent would be reactivated, and the plain language of the agreement indicates that it was appellants, not respondent. We have considered appellants' other arguments and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.